Mr. Ray Scott, Director Arkansas Department of Human Services Donaghey Building, Suite 300 Little Rock, AR 72201
Dear Mr. Scott:
This is in response to your request for an opinion on the following specific questions:
 (1) Whether the State Hospital Board has authority to approve and implement parity pay for nurses in institutions that it governs in accordance with the provisions of 15 of Act 961 of 1987?
 (2) If the response to question number one is yes, then whether the Board's personnel decisions are final or are they subject to review or approval by the Legislative Personnel Committee prior to implementation?
The answer to your first question is yes, to the extent the "parity pay" approved by the State Hospital Board ("Board") has reference to the "additional compensation" appearing in Section 15 of Act 961. The Board controls the operation of the State Hospital for the Mentally Ill at Little Rock, the Long-Term Care Facility at Benton, and the In-Patient Unit of the George W. Jackson Mental Health Center at Jonesboro pursuant to Ark. Stat. Ann. 5-912c(A) (Cum. Supp. 1985). The Board's authority would appear to extend to approving such pay, assuming that this action is in accordance with guidelines, policies, and regulations promulgated by the Director of the Department of Human Services. See Ark. Stat. Ann. 5-912c(C) (Cum. Supp. 1985).
The phrase "additional compensation or allowances" appearing in Section 15 may be reasonably construed to have reference to current provisions in Act 703 of 1987, the Appropriation Act for the University of Arkansas for Medical Sciences, extending special allowances to professional health services personnel in nursing positions. See, e.g. Section 12 of Act 703 of 1987.
In response to your second question, as a general matter special rates of compensation that are approved due to prevailing market rates or an acute shortage of qualified applicants may not be implemented until approval is received from the Office of Personnel Management after seeking the advice of the Arkansas Legislative Council. See Ark. Stat. Ann. 12-3207(E) (Cum. Supp. 1985). We do not have sufficient facts to ascertain whether the compensation in question constitutes such a "special rate of compensation." It would seem, however, that resolution of this issue is not determinative in this instance. The compensation has been provided for in the Department of Human Service's appropriation act, specifically Section 15 of Act 961 of 1987. It is reasonable to conclude, therefore, that implementation of the compensation is governed by Ark. Stat. Ann. 12-3207(C) (Cum. Supp. 1985) which states in pertinent part as follows:
 All appropriation acts of all agencies subject to the provisions of Act 199 of 1969 (. . . 12-3207), as amended, shall be governed by Act 199 of 1969, as amended, with respect to grades, class titles, salary increases, salary increase eligibility and other provisions unless special language in the appropriation act of the agency specifically allows the agency to provide salary increases, grade assignments, class title assignments, salary increase eligibility and other provisions than that provided by Act 199 of 1969, amended. (Emphasis added.)
The foregoing language would appear to remove the compensation in question from the review process established under 12-3207(E). This opinion is based upon an interpretation of these provisions due to the absence of case law or other statutory enactments addressing this issue. The answer to your second question, therefore, is that the Board's implementation of pay increases under Section 15 of Act 961 is not subject to review or approval by the Legislative Personnel Committee.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.